**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1804

———————

FREDERICK  OF THE FAMILY GONORA,
                                                                                    Appellant

v.

OFFICE OF CHILD SUPPORT SERVICES; MONMOUTH COUNTY NEW JERSEY;
MONMOUTH COUNTY ADMINISTRATOR; MONMOUTH COUNTY BOARD OF
CHOSEN FREEHOLDERS; MONMOUTH COUNTY DIVISION OF SOCIAL
SERVICES; MONMOUTH COUNTY CLERK OF  COURT; ADMINISTRATIVE
OFFICE OF THE COURTS AND THE DIVISION OF FAMILY DEVELOPMENT;
FAMILY DIVISION; MONMOUTH COUNTY CHANCERY DIVISION FAMILY
PART JUDGES; MONMOUTH COUNTY FAMILY COURT AND PROBATION
DIVISION; MONMOUTH COUNTY SHERIFFS OFFICE

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-03793)
District Judge:  Honorable Peter G. Sheridan

———————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 5, 2019
Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed:  July 24, 2019)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frederick Gonora appeals the District Court's order, abstaining from exercising jurisdiction and dismissing Gonora's civil rights action. We will affirm.

Gonora filed his amended complaint, alleging various violations of his civil rights by the Office of Child Support Services (OCSS) and Monmouth County, among others. Specifically, Gonora appeared to challenge the services provided by the Child Support Enforcement Program, Title IV-D, 42 U.S.C. § 651, et seq., an administrative program that helps enforce child support orders. OCSS and Monmouth County ultimately filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The District Court held that Gonora's claims were barred by the Younger abstention doctrine.[1] Applying this Court's reasoning in Anthony v. Council, 316 F.3d 412 (3d Cir. 2003), the District Court held that the requirements for Younger abstention were met because Gonora's child support obligations were part of an ongoing state court proceeding. Thus, the District Court abstained from exercising jurisdiction and dismissed the case. Gonora timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1292. We review the legal determinations of whether the requirements for Younger abstention have been met de novo. Anthony, 316 F.3d at 417. "If the requirements have been met, we review [a] district court's decision to abstain for abuse of discretion." Id. (internal quotation marks omitted).

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

2

The Younger abstention doctrine directs district courts to "abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010). A district court appropriately abstains pursuant to Younger if: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Id. However, even if these requirements are met, Younger abstention is not appropriate if the federal plaintiff can establish that (1) the state court proceedings are being "undertaken in bad faith or for purposes of harassment" or (2) some other extraordinary circumstance exists. Id. at 670 n.4.

Here, the District Court correctly applied our holding in Anthony and determined that the requirements for abstention were met. While the amended complaint is not a model of clarity, Gonora's claims referenced ongoing proceedings in New Jersey state court related to the enforcement of child support. See Am. Compl. ¶¶ 4, 8, 20, 21, 54. Given the nature of child support orders, the District Court correctly recognized Anthony as controlling and concluded that the first two requirements of the Younger test were satisfied. See Anthony, 316 F.3d at 419–21 (holding child support orders require continuous involvement by New Jersey courts and that New Jersey has an important state interest in ordering, monitoring, enforcing, and modifying child support obligations). As to the third requirement, "the burden on this point rests on [Gonora] to show that state procedural law barred presentation of [his] claims." Id. at 422. Gonora did not offer any

3

legitimate reason why he could not raise his claims in the New Jersey state court system, and therefore this requirement is satisfied.  See id. (noting the various ways child support obligors are free to raise their claims in the New Jersey state court system).

On appeal, Gonora argues that the Younger abstention doctrine was incorrectly applied because it is "identical" to the Rooker-Feldman doctrine.[2]  Appellant's Br. 4. Gonora also suggests that the matters he is referring to are not judicial in nature, because the "organizations involved are compelled to abide with a Federal Contract with the US Dept of Health and Human Services under 31 U.S.C. § 6305 and 45 CFR § 302.34." Appellant's Br. 5.  However, in his reply brief, Gonora forecloses any doubt as to the applicability of Younger or the judicial nature of the underlying claims by specifically noting the docket number of the New Jersey family court proceedings.[3]  See Appellant's Reply Br. 1.  Accordingly, the District Court correctly applied the Younger abstention doctrine.  Furthermore, as Gonora fails to point to any harassment or other extraordinary circumstance in this case which might make abstention inappropriate, we cannot conclude that the District Court abused its discretion in abstaining from exercising

---

[2] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  In addition to being an incorrect characterization of these two doctrines, see, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010), Gonora fails to elaborate why—and we do not see why—any similarity between the two doctrines would preclude the application of Younger here.

[3] He also references the various orders that have been issued over the years—further indicating the ongoing nature of the child support matters with which he is involved. Appellant's Reply Br. 1.

jurisdiction.[4]  See Anthony, 316 F.3d at 417.

For all of the foregoing reasons, we will affirm the District Court's judgment.

---

[4] Gonora suggests that the "New Jersey Judiciary is acting in [b]ad faith by [v]iolating the Separation of Powers Doctrine."  Appellant's Br. 4.  He does not elaborate on this argument, which he is making for the first time on appeal, and we therefore decline to consider it as a ground for reversing the decision of the District Court.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (noting we have consistently refused to consider ill-developed arguments or those not properly discussed on appeal); Ziccardi v. City of Philadelphia, 288 F.3d 57, 65 (3d Cir. 2002) ("We generally do not address arguments that were not made in the district court and we therefore decline to consider the appellants' current argument as a ground for reversing the decision of the district court.").